**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re   Robert C. Olsen and Florence E. Olsen          )
                                                        )
                                                        )   Bankruptcy No. _____13-27464_____
                                                        )
                                         Debtor.        )   Chapter           _____11_____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____Sugar Felsenthal Grais & Hammer LLP_____

Authorized to Provide Professional Services to: _____Debtors Robert C. Olsen and Florence E. Olsen_____

Date of Order Authorizing Employment: _____July 25, 2013_____

Period for Which Compensation is Sought:
From _____November 1_____, __2013__   through _____Case Closing_____, _____

Amount of Fees Sought:   $ 90,384.00

Amount of Expense Reimbursement Sought:   $ 556.99

This is an:    Interim Application _____       Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 11/11/2013 | 7/8/2013 - 10/31/2013 | $103,015.4 | $102,883.40 | $93,782.00 |

Dated:   _____4/17/2014_____          _____/s/ Christopher J. Horvay_____
                                                                 (Counsel)

(Rev 11/19/10)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert C. Olsen and Florence E. Olsen, | ) | Case No. 13-27464 |
| | ) | |
| Debtors. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | Hearing: May 1, 2014 at 10:00 a.m. |

**NOTICE OF MOTION**

To: See attached Service List

    *Please take notice* that on **May 1, 2014 at 10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 644 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtors and to Shorten Notice*, at which time and place you may appear as you see fit.

                                                 *Robert C. Olsen and Florence E. Olsen*

                                                 By: /s/ Christopher J. Horvay
                                                         One of Their Attorneys

                                                 **SUGAR FELSENTHAL GRAIS & HAMMER LLP**
                                                 30 N. LaSalle St., Ste. 3000
                                                 Chicago, Illinois 60602
                                                 Telephone: 312.704.9400
                                                 Facsimile: 312.372.7951
                                                 chorvay@SugarFGH.com
                                                 mmelickian@SugarFGH.com
                                                 dmadden@SugarFGH.com

### CERTIFICATE OF SERVICE

      I hereby certify that on April 17, 2014 I caused a true and correct copy of the *Notice of Motion*, *Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtors and to Shorten Notice* and all attachments thereto to be served on the parties listed on the attached service list via U.S. mail, postage prepaid, and via the Court's CM/ECF system to those entities entitled to electronic service.

By: /s/ Christopher J. Horvay

### SERVICE LIST

*Via CM/ECF*

Patrick S Layng, Office of the U.S. Trustee, Region 11: USTPRegion11.ES.ECF@usdoj.gov
David Audley: audley@chapman.com
Jennifer Majewski: majewski@chapman.com
Andrew J. Annes: aannes@sabt.com

*Via First Class U.S. Mail*

Robert C. Olsen and Florence E. Olsen
28088 Spring Court
Mundelein, IL 60060

Chase Bank USA
PO Box 15298
Wilmington, DE 19850

Department of the Treasury -
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

DirectTV, LLC
P.O. Box 6550
Englewood, CO 80155

Illinois Department of Revenue
Bankruptcy Section, PO Box 64338
Chicago, IL 60664-0338

Lake County Collector
18 N. County St., Rm. 102
Waukegan, IL 60085-4351

Olsen Distributing Company, Inc.
c/o Robert C Olsen, Reg'd Agent
969 N Pepper Rd
Barrington, IL 60010

Robert H. Stotz
13830 Wilshire Way
Huntley, IL 60142

Vista Verde North Condo Association
5901 Sun Blvd, Ste. 103
Saint Petersburg, FL 33715

Wells Fargo Bank, N.A.
Home Equity Group
1 Home Campus X2303-01A
Des Moines, IA 50328-0001

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert C. Olsen and Florence E. Olsen, | ) | Case No. 13-27464 |
| | ) | |
| Debtors. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | Hearing: May 1, 2014 at 10:00 a.m. |

**FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HAMMER LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND TO SHORTEN NOTICE**

Sugar Felsenthal Grais & Hammer LLP ("*SugarFGH*"), counsel to Robert C. Olsen and Florence E. Olsen (the "*Debtors*"), debtors and debtors-in-possession in the above-captioned bankruptcy case, hereby submits its *Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Debtors and to Shorten Notice* (the "*Final Fee Application*") under §§ 503(b) and 330 of title 11 of the United States Code (the "*Code*"), Rules 2002(a)(6), 2016, and 9006(c)(1) of the Federal Rule of Bankruptcy Procedure (the "*Rules*") and Local Rule 5082-1. In support of the Final Fee Application, SugarFGH states as follows:

**JURISDICTION & VENUE**

The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1. This is a core proceeding under § 157(b)(2) of title 28 of the United States Code. Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

The statutory predicates for the relief requested in this Final Fee Application are §§ 330 and 503(b) of the Code, Rules 2002(a)(6), 2016, and 9006(c)(1) of the Rules, and Local Rule 5082-1.

1

**BACKGROUND**

On July 8, 2013, the Debtors filed a voluntary petition for relief under Chapter 11 of the Code in the above-captioned bankruptcy case, and are debtors and debtors-in-possession in this case.

The Debtors submitted an application (the "*Retention Application*") to the Court seeking to employ SugarFGH, pursuant to Section 327 of the Code, to represent them in carrying out their duties under the Code and to perform other legal services necessary for the Debtors. The Court entered an order granting the Retention Application on July 25, 2013. (Dkt. 17.)

Contemporaneously with the filing of this Final Fee Application, Debtors are filing their *Motion to Approve Settlement Agreement, Voluntarily Dismiss Case and Shorten Notice* (the "*Motion for Dismissal*"), which requests voluntary dismissal of this Chapter 11 case, among other things. The Debtors are submitting this Final Fee Application in anticipation of the Court's granting the Motion for Dismissal.

**PAST FEE APPLICATIONS**

Prior to this Final Fee Application, SugarFGH submitted one interim application for fees and reimbursement of expenses on November 11, 2014 (Dkt. 66), for the period from July 8, 2013 through October 31, 2013, which was granted by the Court on November 26, 2013 (Dkt. 79) as follows:

|              | Fees         | Expenses | Total        |
|--------------|--------------|----------|--------------|
| Requested    | $102,905.50  | $109.90  | $103,015.40  |
| Allowed      | $102,773.50  | $109.90  | $102,883.40  |
| Paid to Date | $93,672.10   | $109.90  | $93,782.00   |
| Balance      | $9,101.40    | $0.00    | $9,101.40    |

SugarFGH has received payment from the Debtors in the total amount of $93,782.00 for fees and expenses under the first fee application, leaving an unpaid balance of $9,101.40 on

2

account of amounts approved by the Court on an interim basis pursuant to the first fee application.

This application is SugarFGH's second and final request for allowance of fees and reimbursement of expenses. By this Final Fee Application, SugarFGH seeks an order (a) allowing on a final basis all fees and expenses previously approved on an interim basis; (b) allowing and approving final compensation to SugarFGH of **$80,384.00** for professional services rendered from November 1, 2013 to April 14, 2014, plus an estimated additional amount of **$10,000** for services through the closing of this Chapter 11 case (the period of November 1, 2013 through case closing defined herein as the "*Fee Application Period*"), and final reimbursement of $**556.99** for actual and necessary expenses incurred by SugarFGH during the Fee Application Period; and (c) authorizing payment to SugarFGH for amounts approved under the Final Fee Application not already paid by the Debtors, subject in all respects to pending orders of this Court.

### NARRATIVE SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY SUGARFGH

All of the services for which compensation is requested were rendered to or for the benefit of the Debtors in connection with the Debtors' chapter 11 case. The time described in the billing statements attached to this Final Fee Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SugarFGH attorneys and paralegals that rendered the described services. In certain instances, the time reflected in the billing statements has been reduced in an effort by SugarFGH to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

SugarFGH's hourly rates of compensation for attorneys and paraprofessionals during the Application Period range from $220 to $550. Those rates are comparable to rates charged by

3

other practitioners having the same level of experience, expertise, and standing for similar services. SugarFGH consistently and consciously made every reasonable effort to represent the Debtors in the most economical, efficient, and practical manner possible.

Given the criteria set forth in § 330 of the Code for evaluating applications for compensation, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, SugarFGH submits that the compensation sought by this Final Fee Application represents a fair and reasonable amount for the services rendered during the Fee Application Period.

A.  **Summary of Services Rendered**

During the Fee Application Period, SugarFGH spent a total of 216.4 hours providing professional services on behalf of the Debtors in connection with this chapter 11 case. A summary of the compensation sought for the Fee Application Period, itemized by professional and paraprofessional, are set forth below:

| Name | Title | Rate(s) | Hours (Final App) | Hours (Entire Case) | Total (Final App) | Total (Entire Case) |
|---|---|---|---|---|---|---|
| Christopher J. Horvay | Partner | $550.00 | 54.4 | 135.8 | $29,536.00 | $74,306.00 |
| Mark S. Melickian | Partner | $550.00 | | 0.3 | | $165.00 |
| Michelle M. Huhnke | Partner | $460.00 | | 0.4 | | $184.00 |
| Etahn M. Cohen | Partner | $495.00 | 0.8 | 0.8 | $396.00 | $396.00 |
| David M. Madden | Associate | $295.00, $325.00* | 159.9 | 353.7 | $50,155.50 | $107,326.50 |
| Jamie R. Netznik | Associate | $275.00 | | 0.8 | | $220.00 |
| Paris C. Love | Paralegal | $220.00 | 1.3 | 2.7 | $296.50 | $604.50 |
| Robert B. McClellarn | Summer Associate | $125.00 | | 0.7 | | $87.50 |
| Fee reduction per 11/26/13 Order | | | | | | ($132.00) |
| TOTALS | | | 216.4 | 495.2 | $80,384.00 | $183,157.50 |
| BLENDED RATES | Final App | $371.46 | | | | |
| | Entire Case | $369.87 | | | | |

\* Effective January 1, 2014, David M. Madden's hourly rate was increased from $295 to $325, in line with annual rate adjustments applicable to all of the firm's associate attorneys for most of the firm's cases, reflecting the increased value of services performed by associate attorneys as a result of their experience gained over the course of each year. The hourly rates applicable to associate attorneys on the attached billing statements represent an average hourly rate for all work during the fee application period for each matter.

In an effort to provide the Court and parties in interest with information concerning the nature and amount of services rendered during the Fee Application Period, and in compliance with Local Rule 5082-1B and C, SugarFGH has classified its services for this Fee Application Period in twelve separate categories. A description of the services performed for each category, and a summary of each professional and paraprofessional's services for each category, is summarized below. No services were rendered in some of the categories that SugarFGH tracks, and this Final Fee Application omits discussion of such categories. Additionally, each of these categories of services is identified in SugarFGH's detailed Monthly Statements, attached to this Final Fee Application as **Exhibit A**.

5

Certain names appear throughout the monthly statements attached as Exhibit A, including:

- Olsen Distributing Company ("ODC"): A company wholly-owned by the Debtors.

- Jeffrey Warden: The Debtors' son-in-law, an owner of his own construction business, who is assisting the Debtors during their bankruptcy case and has been SugarFGH's primary point of contact with the Debtors.

- Robert Brockway: Another son-in-law of the Debtors, who has assisted the Debtors with preparing some of the financial reports filed in their bankruptcy case.

- Jennifer Majewski and Mia D'Andrea: Attorneys with Chapman and Cutler, counsel to the Debtors' principal secured creditor, BMO Harris Bank, N.A.

- Andrew Annes and Phillip Coover: Attorneys for state-court receiver Steven Spinnell.

- Dan Nitzsche: Agent for state-court receiver Steven Spinnell.

- Robert Stotz and Steven Rogers: Mr. Stotz is a co-debtor (not a debtor in bankruptcy), and Mr. Rogers is Mr. Stotz's attorney.

- Thomas Mowery: Agent for Heath Industrial, a liquidator.

The narrative descriptions set forth below include only time spent during the Fee Application Period, applicable to this Final Fee Application, and do not include descriptions of time and expenses that were covered under the first interim fee application.

1) ***General Case Administration***
    **Final Fee Application:**    **$5,999.50**
    **Entire Case:**    **$20,272.00**

SugarFGH spent 17.2 hours at a cost of $5,999.50 on general matters. This category includes time spent on general matters that do not fit neatly into another defined category, and tasks pertaining to general case matters. This category also includes matters which encompass more than one discrete category, as well as time spent drafting the above-referenced motion to voluntarily dismiss this Chapter 11 case based on the Debtors' settlement with BMO Harris.

2) ***Schedules & Reports***
    **Final Fee Application:**    **$2,633.00**
    **Entire Case:**    **$18,645.50**

SugarFGH spent 7.7 hours at a cost of $2,633.00 on issues relating to schedules and reports. This category includes time spent preparing and filing monthly and quarterly reports to the U.S. Trustee.

3) ***Operations; Investigations; Inquiries***
    **Final Fee Application:**    **$0.00**
    **Entire Case:**    **$770.00**

No time was spent in this category during the Fee Application Period applicable to the Final Fee Application.

4) ***Retention and Compensation of Debtors' Professionals***
    **Final Fee Application:**    **$6,211.00**
    **Entire Case:**    **$9,994.50**

SugarFGH spent 18.7 hours at a cost of $6,211.00 related to preparing and filing its first interim fee application and this Final Fee Application. This category includes time spent preparing and filing the fee applications, reviewing SugarFGH billing statements, communications with the Debtors regarding fees, and appearing at the hearing on the first interim fee application.

5) *Executory Contracts and Leases*
   **Final Fee Application:**   **$1,848.00**
   **Entire Case:**             **$4,001.00**

SugarFGH spent 5.4 hours at a cost of $1,848.00 related to a motion for approval of leases of the Debtors' office/warehouse property in Lake Barrington, Illinois.

6) *Secured Creditors and Lenders; Cash Collateral*
   **Final Fee Application:**   **$60,710.50**
   **Entire Case:**             **$114,159.00**

SugarFGH spent 159.3 hours at a cost of $60,710.50 on issues related to secured creditors. This category represents the lion's share of time spent by SugarFGH in this case. The predominant issues in this Chapter 11 case relate to the claim of creditor BMO Harris Bank, N.A. ("*BMO Harris*"), which is secured by the greater part of the Debtors' valuable, non-exempt assets, as well as the assets of Olsen Distributing Company ("*ODC*"), which is wholly-owned by the Debtors.

From the outset of the case, SugarFGH has been heavily engaged on an almost daily basis with the Debtors and the attorneys for BMO Harris in order to forestall BMO Harris's foreclosure and possession of the assets of the Debtors and ODC, a company owned by the Debtors which is also a defendant in BMO Harris's foreclosure case.

SugarFGH's months of hard work on behalf of the Debtors and their bankruptcy estate were highly productive. Contemporaneously with this Final Fee Application, the Debtors are submitting their Motion for Dismissal, which seeks to voluntarily dismiss this Chapter 11 case in connection with a final settlement agreement that the Debtors have reached with BMO Harris and other parties after lengthy, painstaking negotiations.

Time spent in this category has included administration of an interim agreement between the Debtors, BMO Harris and the receiver; negotiations and court-approval of extensions to the

interim agreement; coordination of site visits to the Lake Barrington property by the receiver and several potential liquidators; a motion to subordinate a mortgage lien in favor of the Debtors upon certain property in Wisconsin, in exchange for funds provided to the Debtors to pay down BMO Harris's claim; lease payments made to the receiver regarding the Lake Barrington property; devising and drafting an exit proposal to BMO Harris; drafting and negotiating a final settlement agreement with BMO Harris and the state-court receiver; negotiating with the receiver regarding payment of expenses regarding the Lake Barrington property; and coordination of a liquidation of the assets of ODC to be performed by Heath Industrial by agreement between the Debtors, ODC, BMO Harris and the receiver.

7) *Asset Sales*
   **Final Fee Application:**     **$748.50**
   **Entire Case:**               **$12,190.50**

SugarFGH spent 1.5 hours at a cost of $748.50 on matters related to miscellaneous inventory and equipment sales and the liquidation proposal referenced above.

8) *Claims Analysis and Objections*
   **Final Fee Application:**     **$130.00**
   **Entire Case:**               **$218.50**

SugarFGH spent 0.4 hours at a cost of $130.00 on matters related to claims filed by the IRS and the Illinois Department of Revenue.

9) *Plan and Disclosure Statement*
   **Final Fee Application:**     **$2,103.50**
   **Entire Case:**               **$3,038.50**

SugarFGH spent 6.2 hours at a cost of $2,103.50 on matters related to motions to extend deadlines for the Debtors' plan and disclosure statement.

**B.    Additional Anticipated Fees**

SugarFGH will continue to actively represent the Debtors after the date of this Final Fee Application and through the anticipated closing of the case with respect to the hearing on the

9

Debtors' Motion for Dismissal and this Final Fee Application, as well as final monthly and quarterly reports to the United States Trustee, and matters in furtherance of the Debtors' settlement agreement with BMO Harris and the state court receiver. Even after dismissal of this case, substantial work will likely remain for SugarFGH and the Debtors to ensure the consummation and closing of the settlement agreement with BMO Harris.

SugarFGH anticipates that its fees for such services will be approximately $10,000.

SugarFGH requests allowance of $10,000 for such additional services as part of its final compensation, provided that if the actual amount of fees is less than the estimated $10,000, then SugarFGH will only seek payment of the amount of fees and costs actually incurred.

**C.    Expense Reimbursement**

In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Fee Application Period are set forth in *Exhibit A* attached to this Final Fee Application. Expenses during the Fee Application Period were incurred in the following categories:

   a. *Photocopying*: SugarFGH incurred copying and printing charges in the amount of $138.00. SugarFGH charges clients $0.10 per copy.
   b. *Transcript*: SugarFGH incurred a charge of $347.20 for the court reporter's charge relating to the Debtors' Rule 2004 examination by BMO Harris.
   c. *Miscellaneous Charges*: SugarFGH incurred additional expenses in the amount of $71.79 in connection with miscellaneous matters.

All expenses incurred by SugarFGH in connection with its representation of the Debtors were ordinary and necessary expenses. All expenses billed to the Debtors were billed in the same manner SugarFGH bills its non-bankruptcy clients.

SugarFGH does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into SugarFGH's hourly rates.

**D.     Benefit to the Estate**

SugarFGH's services rendered during the Fee Application Period were beneficial to the Debtors, their bankruptcy estate and creditors, and its requested compensation should be approved on a final basis.  Specifically, SugarFGH provided essential services and advice to the Debtors throughout their Chapter 11 case, which has enabled the Debtors to negotiate a final settlement agreement with their major secured creditor and to dismiss this Chapter 11 case.

**E.     SugarFGH Requests That Its Compensation Be Both Allowed and Paid**

SugarFGH requests that the Court enter an order both allowing the fees and expenses requested herein, and authorizing the Debtors to pay SugarFGH's requested fees and expenses. The principal source of the funds is expected to be the Debtors' individual retirement accounts, which they may legally access without penalty due to their age.

SugarFGH has advised the Debtors that their individual retirement accounts are exempt and protected in this bankruptcy case, and SugarFGH does not request that the Court order the Debtors to pay its compensation from the Debtors' individual retirement accounts.  Rather, SugarFGH merely requests that the Court authorize the Debtors to pay SugarFGH's compensation from their individual retirement accounts if they choose to do so.

**F.     SugarFGH Has Provided Adequate Notice and Opportunity to Object to this Final Fee Application**

SugarFGH has provided fourteen (14) days' notice of this Final Fee Application to (a) the Debtors; (b) the Office of the United States Trustee; (c) all creditors; and (d) all parties requesting electronic service via the Court's CM/ECF system under Bankruptcy Rule 2002.

Objections to this Final Application may be made in writing, filed with the Clerk of this Court and sent to Sugar Felsenthal Grais & Hammer LLP, c/o Christopher J. Horvay, Esq., 30 N. LaSalle Street, Ste. 3000, Chicago, IL 60602.  Objections should be mailed so that SugarFGH actually receives the objection no later than April 30, 2014.

### SHORTENED NOTICE

SugarFGH has noticed this Final Fee Application for hearing on May 1, 2014, which is 14 days from the date of the filing and service of this Final Fee Application.

Rule 2002(a)(6) of the Rules requires 21 days' notice for an application for compensation in excess of $1,000.00.

Rule 9006(c) of the Rules permits the Court to reduce the time for all of those deadlines for cause shown.

There is cause for reducing the notice required of the hearing regarding SugarFGH's Final Fee Application.  First, SugarFGH is requesting a reduction in notice of only seven days.  Second, the Debtors, who are the most affected by SugarFGH's request for compensation, have been kept fully apprised of the fees and expenses requested by SugarFGH and have advised the undersigned that they consent to SugarFGH's request.  Third, the number of creditors in this case is small, the amount of claims by creditors other than BMO Harris Bank, N.A. are relatively small, and BMO Harris Bank, N.A. has been actively involved in this case and will have more than ample opportunity to respond to this Final Fee Application.

Accordingly, the Court should enter an order finding that the notice given of this Final Fee Application was proper and sufficient under the circumstances.

*Wherefore*, SugarFGH requests the entry of an order substantially in the form attached to this Final Fee Application that:

(a) Finds that shortened notice of this Final Fee Application is proper;

(b) Allows and approves as final all fees and expenses previously allowed and approved on an interim basis;

(c) Allows and approves on a final basis additional compensation to SugarFGH of $80,384.00 for professional services rendered, and reimbursement of $556.99 for actual and necessary expenses incurred by SugarFGH during the Fee Application Period;

(d) Allows and approves on a final basis an additional amount of $10,000 as compensation for anticipated fees and expenses after the date of this Final Fee Application and through the closing of this case, provided that if SugarFGH's actual additional fees and expenses through case closing are less than $10,000, then SugarFGH shall be entitled to such lower amount of fees and expenses actually incurred;

(e) Authorizes payment to SugarFGH for amounts approved under the Final Fee Application, including those not already paid by the Debtors, subject in all respects to pending orders of this Court;

(f) Authorizes—but does not require—the Debtors to pay allowed fees and expenses to SugarFGH from their individual retirement accounts;

(g) Shortens the required notice of this Final Fee Application to 14 days; and

(h) Provides SugarFGH with such additional relief as appropriate under the circumstances.

| | |
|---|---|
| Dated: April 17, 2014 | *Robert C. Olsen and Florence E. Olsen* |
| | By: /s/ Christopher J. Horvay |
| | One of Their Attorneys |

Christopher J. Horvay, Esq.
David M. Madden, Esq.
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:   312.704.9400
Facsimile:    312.372.7951
chorvay@SugarFGH.com
mmelickian@SugarFGH.com
dmadden@SugarFGH.com

14

SFGH:4846-3388-3674, v. 2